# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KARL J. ANDERSON,<br><br>                      Plaintiff,<br><br>v.<br><br>TODD KURTZ, DETECTIVE BEYER,<br>and CORPORAL ZIENTEK,<br><br>                      Defendants. | Case No. 18-CV-1234-JPS<br><br><br>**ORDER** |

      Plaintiff, a prisoner proceeding *pro se*, filed a complaint in the above-captioned action. Plaintiff has also filed a petition for leave to proceed *in forma pauperis*. The total cost of filing a civil action is $400.00, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. However, the $50.00 administrative fee does not apply to persons granted *in forma pauperis* status. Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner plaintiff proceeding *in forma pauperis* is required to pay the statutory filing fee of $350.00 for any civil action. *See* 28 U.S.C. § 1915(b)(1).

      Under the PLRA, which amended the *in forma pauperis* statute, the Court must assess an initial partial filing fee ("IPFF") of twenty percent of the average monthly deposits to the plaintiff's account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *Id.* After the IPFF is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. *Id.* § 1915(b)(2). "The agency having custody of the prisoner shall forward

payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

Along with his complaint, Plaintiff filed a copy of his prison trust account statement for the three-month period immediately preceding the filing of the complaint. This is insufficient. The PLRA mandates the submission of a trust account statement or statements showing the last six months of activity in the prisoner's trust account. *Id.* § 1915(a)(2). Moreover, the IPFF must be calculated using six months' worth of financial information. *Id.* § 1915(b)(1).

Plaintiff has been a Wisconsin prisoner for three years, so he undoubtedly has trust account statements covering the six-month period preceding the filing of his complaint in this case. The problem seems to be that Plaintiff is presently confined at the Milwaukee County Jail and has been since May 2018. He submitted only his trust account statement as maintained by the Jail but did not submit a trust account statement from his prior institution so as to provide a six-month window into his finances.

No later than **October 12, 2018**, Plaintiff must submit his trust account statement from his prior institution(s) in order to cover the entire six-month period immediately preceding the filing of the complaint. To do so, he must write to his prior institution and ask prison officials to send the Court a certified copy of his trust account statement from that institution. Once that is done, the Court will calculate and assess Plaintiff's IPFF. If, for whatever reason, Plaintiff cannot arrange for his prior institution to send his trust account statement to the Court, he must file a notice with the Court by **October 12, 2018**, explaining what efforts he made and why they were unsuccessful.

It should be noted that this order was originally mailed to Plaintiff at the Milwaukee County Jail on August 21, 2018. (Docket #6). The order was returned as undeliverable, although publicly available records reflect that Plaintiff is still confined at the Jail. The Court has confirmed that the return of the August 21 order was done in error. As a result, the Court reissues the order with a new deadline for Plaintiff to comply with the Court's instructions.

Accordingly,

**IT IS ORDERED** that, on or before **October 12, 2018**, Plaintiff shall submit a certified copy of his trust account statement(s) for the six months preceding the filing of his complaint, or explain to the Court why he is unable to do so. If Plaintiff does not comply with the Court's order by the deadline, the Court will conclude that he no longer wishes to prosecute this case, and it will dismiss the case without prejudice and without further notice.

Dated at Milwaukee, Wisconsin, this 21st day of September, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Court